IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| PERFORMING ARTS COMMUNITY IMPROVEMENT DISTRICT | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) |
| ACE AMERICAN INSURANCE COMPANY | ) ) ) |
| SERVE:<br>Missouri Department of Insurance<br>c/o Director of Insurance<br>301 W. High Street, Room 530<br>Jefferson City MO 65101 | ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Performing Arts Community Improvement District ("CID"), by and through its undersigned counsel, as and for its Complaint against Defendant, ACE American Insurance Company ("ACE"), alleges as follows:

### Parties/Jurisdiction/Nature of the Action

1. CID, pursuant to RSMo Section 67.1401 et seq, is a statutorily created entity (Sec. 67.1401 et seq) to provide financing for community improvements, which, in this case, was an underground parking garage that serves the Kauffman Performing Arts Center.

2. ACE is an insurance corporation, licensed with the Missouri Department of Insurance and is incorporated in the Commonwealth of Pennsylvania, with its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106.

3. This Court has jurisdiction in this lawsuit pursuant to 28 U.S.C.A. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000. Venue is proper in this district, per 28 U.S.C.A. § 1391 in that a

substantial part of events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of this claim is situated in this district.

4. There is an actual, justiciable controversy between CID and ACE.

5. This is an action for declaratory relief, and is submitted to this Court pursuant to 28 U.S.C.A. § 2201 concerning a dispute as to the rights and obligations of ACE and the additional insured, CID, regarding a builder's risk policy issued by ACE.

### Factual Allegations

6. On October 9, 2009, CID entered into a construction agreement ("Contract") with Walton Construction Company – A CORE Company, LLC ("Walton) whereby Walton agreed to perform construction services for the construction of a 1000-space public parking garage located immediately adjacent to the Kauffman Center for the Performing Arts Center in Kansas City, Missouri ("Project").

7. In connection with the construction of the garage for the Project, Walton's scope of work also included the installation of a 50-ft high retaining wall and the placement of associated backfill between the retaining wall and a limestone rock face on the north side of the garage.

8. Walton agreed to perform the installation of the retaining wall and backfill per the design provided by the CID's Architect of Record, Moody Nolan, Inc. and it structural consultant, Carl Walker, Inc.

9. Carl Walker's structural design specified that the backfill would be a "flowable fill" mixture and the specification, Section 022000-5, Item 3.4, required that the flowable fill must be installed at a "rate such that no more than 18 inches of fluid fill exists against the wall."

10. Prior to the installation of the backfill, Carl Walker approved a Walton request to increase the flowable fill lifts from 18 inches to no more than 36 inches against the wall.

11. In addition to its construction services, Walton was required to obtain and maintain a builder's risk insurance policy for the Project in accordance with the terms of the Contract and that such policy was to list, among others, CID as an additional insured.

12. Walton did obtain a builder's risk policy, which was provided by ACE American Insurance Company ("ACE") identified as Policy No. 21017012 003 (the "Policy"), and the Policy was effective from November 2, 2009 through February 24, 2011.

13. Per the Contract between Walton and CID and per the Policy, CID is an additional insured under the Policy.

14. On September 21, 2010, during the course of installation of the flowable fill backfill at mid-height of the 50-ft high retaining wall, the wall deflected and bulged suddenly and thereby required repair and replacement.

15. On September 23, 2010, Walton notified ACE of the claim regarding the wall failure and requested ACE to provide coverage for the property loss incurred.

16. More than 2 years later, on January 30, 2012, ACE issued a letter to Walton, denying coverage for the wall failure loss.

17. As an additional insured, CID submitted a request for coverage under the Policy for the repair and replacement costs associated with the wall failure. CID's claim is similar in virtually all respects to the Walton request for coverage.

18. On August 20, 2013, ACE responded to CID's claim by saying that it is presently investigating the claim.

19. Waiting for ACE's response to CID's claim is a futile act in that CID expects ACE to deny CID's the claim for the reasons it denied Walton's earlier claim.

20. ACE's basis for its denial of wall failure claim has not changed since its denial letter was issued on January 30, 2012.

21. In its denial letter, ACE acknowledged the wall failure occurrence and stated that the "outward movement of the wall was caused by lateral pressures applied to the back of the wall. There are two possible sources of these pressures; backfill and water."

22. In its denial letter, and even though the Policy is an "all risk policy", ACE denies the claim based on certain exclusions referenced in the policy, which include, among others, damage caused by "error, omission or deficiency in design, plans, specifications, engineering or surveying" and "faulty or defective workmanship, materials or supplies."

23. The CID contends that ACE's denial is based on an erroneous interpretation of the policy and that the wall failure is covered by other provisions including the ensuing loss provision in the Policy, which provides as follows, in bold capitalized print:

> **THIS POLICY DOES NOT INSURE LOSS OR DAMAGE CAUSED BY ANY OF THE FOLLOWING [EXCLUSIONS], <u>UNLESS DIRECT PHYSICAL LOSS OR DAMAGE BY AN INSURED CAUSED OF LOSS ENSUES</u> AND THEN THIS POLICY INURES ONLY SUCH ENSUING DIRECT PHYSICAL LOSS OR DAMAGE.** (Emphasis added)

24. CID seeks a declaratory judgment that ACE is obligated by the terms of the Policy it issued to pay the cost of repair and replacement associated with the ensuing physical loss - the failed wall, which was caused by an insured cause that ACE concedes was the "lateral pressures applied to the back of the wall."

25. Lateral pressure from backfill is an insured cause under ACE's builder's risk policy and CID is entitled to coverage under the Policy as an additional insured.

## CLAIM FOR RELIEF

### (Declaratory Judgment – Duty to Provide Coverage for the Wall Failure Loss.

26. CID adopts the allegations set forth in paragraphs 1 through 25, hereof.

27. The Policy issued by ACE for the Project and for the benefit of additional insured, CID, provides coverage for the wall failure loss sustained by CID and its costs in the investigation, repair and replacement of the failed wall. The wall failure is an ensuing loss under the terms of the Policy.

28. The ensuing loss was caused by an insured cause of loss under the "all risk" Policy provided by ACE.

29. ACE is obligated by its Policy to pay all costs associated with investigation, repair and replacement of the failed wall.

30. CID has demanded that ACE pay $2,713,078 for costs incurred from the ensuing loss.

31. ACE has refused to accept its legal obligation to pay CID for its loss.

32. As a result of the foregoing, an actual and justiciable controversy presently exists between CID and ACE regarding ACE's obligation to pay CID for its loss in the amount of $2,713,078.

WHEREFORE, CID respectfully requests a declaration by this Court that the loss herein described is a covered loss and that accordingly, ACE is liable for all damages sustained by CID and that the Court will retain jurisdiction to determine CID's loss and damage and enter judgment accordingly.

### DESIGNATION OF PLACE OF TRIAL

Plaintiff demands a trial by jury for all issues so triable to take place in Kansas City, Missouri.

Respectfully submitted,

LATHROP & GAGE LLP

By: */s/ Sherman A. Botts*
    Leonard B. Rose (18108)
    Sherman A. Botts (35128)
    2345 Grand Boulevard, Suite 2200
    Kansas City, Missouri 64108-2618
    Telephone: 816.292.2000
    Telecopier: 816.292.2001

    Attorneys for Plaintiff