IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PERFORMING ARTS COMMUNITY IMPROVEMENT DISTRICT, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 13-0945-CV-W-ODS ) |
| ACE AMERICAN INSURANCE CO., | ) ) |
| Defendant. | ) |

## ORDER AND OPINION DENYING CARL WALKER'S MOTION TO INTERVENE

This case arises from construction of a parking structure for the Kauffman Center for the Performing Arts in Kansas City, Missouri. Plaintiff is an entity created by state law to provide financing for community improvements; in this case, the parking structure. Plaintiff entered into a contract with Walton Construction Company for construction of the structure. Construction of the structure required installing a retaining wall and backfill. Complaint, ¶¶ 6-9. During installation of the backfill, "the wall deflected and bulged suddenly and thereby required repair and replacement." Complaint, ¶ 14.

As required by the parties' contract, Walton Construction obtained a builder's risk insurance policy; Plaintiff was listed as an additional insured. Walton Construction submitted a claim on the policy for the damage to the retaining wall, but the claim was denied. Plaintiff has submitted the same claim, and to date Defendant has not changed its position with respect to its obligations. Plaintiff's claim forms the basis for this lawsuit.

Carl Walker seeks leave to intervene as an additional plaintiff. He "provided professional design services as a structural engineer and subconsultant to the Project architect, Moody-Nolan, Inc." and "provided approximately $134,000 in professional design services in order to stabilize and repair the" retaining wall. Walker's Suggestions at 2. He alleges an interest in this litigation because this suit will determine whether his additional services related to the retaining wall's repair are covered by the policy. Id.

However, Walker is not an insured under the policy.  If Walker has a contract with Plaintiff requiring Plaintiff to pay him, then that contract governs Walker's rights – regardless of whether the policy supplies Plaintiff with the funds to pay Walker.  His entitlement to be paid is not dependent on the policy's application.  Moreover, even if Walker is correct and Plaintiff could – but has not – specifically asked Defendant to cover the sums due Walker, this does not affect Plaintiff's (or anyone's) obligation to Walker.  In short, Walker may be entitled to payment, but he has no legal right to argue about where the funds come from.

The preceding discussion explains why Walker's effort to invoke a right to intervene is unavailing.  Rule 24(a)(2) grants a party a right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ."  Walker does not claim a right to sue Defendant on his own, he has no interest in the insurance policy, and resolution of the issues in this suit will not affect Walker's right to recover amounts due from those who are contractually obligated to him.  Nothing in this suit will conclusively resolve any of Walker's rights or obligations.  Even if the sums due Walker are covered by the policy, Plaintiff is not obligated to submit a claim to Defendant.  In short, Walker lacks an interest in this proceeding sufficient to bestow a right to intervene.[1]

Walker alternatively argues he should be permitted to intervene pursuant to Rule 24(b)(1)(B) because he has a claim that shares a common question of law or fact with Plaintiff's claim: namely, a connection between his claim for services on the retaining wall and Plaintiff's claim for coverage.  The Court fails to discern a connection.

---

[1]These same points demonstrate Walker lacks standing, which is an additional requirement for intervention as of right.  <u>United States v. Metropolitan St. Louis Sewer Dist.</u>, 569 F.3d 829, 833 (8th Cir. 2009).  Walker does not have standing to pursue a claim against Defendant because Walker is not insured or otherwise a party to the insurance contract.

Resolution of Plaintiff's claim against Defendant will not resolve any issues involved in Walker's entitlement to payment.

The motion to intervene is denied.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: February 7, 2014                UNITED STATES DISTRICT COURT